IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Korell Battle,<br><br>                Plaintiff,<br><br>v.<br><br>SCDC, Robert Ward, Willie Eagleton, Sharron Paterson, Anthony Ridges, and John Doe<br><br>                Defendants. | Civil Action No. 8:10-925-CMC-BHH<br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

The Plaintiff is a prisoner proceeding pro se. The matter is before the Court on the Defendants' Motion to Remand to State Court. (Dkt. # 16)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The Defendants removed this action from state court on April 14, 2010. (Dkt. # 1.) In their motion to remand, the Defendants state that they removed the action based upon erroneous information. The Plaintiff filed this action in state court on September

16, 2008.[1]  In January 2010, the Plaintiff attempted to serve the action by sending a copy of an amended complaint to the sheriff.  The South Carolina Budget and Control Board - Insurance Reserve Fund erroneously treated the amended complaint as a new case and assigned a new attorney to represent the Defendants.  On March 16, 2010, the Defendants were served with an amended complaint in a state action. The newly appointed attorney filed to remove the case to this Court.  The state court action removed by the Defendants however, had actually been dismissed by the state court on March 1, 2010,  prior to the filing of the motion to remove because, among other things, the Plaintiff had failed to timely serve the Defendants.[2]  Therefore, unbeknownst to the Defendants attorney at  the time of removal, the state action had already been dismissed and was not removable. The undersigned notes that the Plaintiff does not contradict the Defendants' recitation of the facts and he even agrees with the Defendants as he states that "you cannot remove a dismissed action from state to federal court." (Dkt. # 15 - Pl.'s Reply to Removal at 1.)

Clearly, the state action was not pending when the Defendants filed for removal to this Court.  This Court would remand this matter, but there is nothing to remand. This

---

[1] As additional background information, the undersigned notes that, prior to that time, the Plaintiff had filed an almost identical action in federal court on June 28, 2007, which was dismissed on July 28, 2008. *Battle v. Eagleton*, C/A # 07-1841. The Plaintiff explains that he filed this state action in an attempt to "bifurcate" his claims and that based upon the rule set forth in *Houston v. Lack*, 487 U.S. 266 (1988), which provides that a prisoner's pleading is considered filed when given to prison authorities for forwarding to the district court, he filed the state action in May 2008 while the federal action was still pending. (Dkt. # 15 - Pl.'s Reply to Removal Attach. # 1 - Pl.'s Aff. ¶ 16.)

[2] Apparently, the order was signed February 19, 2010, but not filed until March 1, 2010.  (Defs.' Mem. Supp. Mot to Remand Attach. # 1 - Atty.'s Aff. ¶ 12.)

action was dismissed in state court while the state court still had jurisdiction. Therefore, it is RECOMMENDED that the this action be DISMISSED and the Defendants' Motion to Remand (Dkt. # 27) also be DISMISSED as moot.

**IT IS SO RECOMMENDED.**

s/Bruce Howe Hendricks
United States Magistrate Judge

July 20, 2010
Greenville, South Carolina

**The Plaintiff's attention is directed to the important notice on the next page.**